ELECTRONICALLY FILED

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO.: 1:16-cv-104-GNS

Jackie Taylor, as Administratrix of the
Estate of Reba Diemer, deceased     PLAINTIFF

v.

Diversicare of Glasgow, LLC, d/b/a
Diversicare of Glasgow,
Diversicare Holding Company, LLC
Diversicare Glasgow Property, LLC
Diversicare Property Co., LLC
Diversicare Management Services Co.,
Diversicare Leasing Corp.,
Diversicare Healthcare Services, Inc. and
John Does 1 through 5, Unknown Defendants     DEFENDANTS

## NOTICE OF REMOVAL

Defendants, Diversicare of Glasgow, LLC, d/b/a Diversicare of Glasgow, *et al*, for their Notice of Removal from the Barren Circuit Court to the United States District Court for the Western District of Kentucky, Bowling Green Division, states as follows:

1. On June 1, 2016, Jackie Taylor, as Administratrix of the Estate of Reba Diemer, Deceased ("Plaintiff") filed a Complaint in the Barren Circuit Court styled, *Jackie Taylor, as Administratrix of the Estate of Reba Diemer, deceased, v. Diversicare of Glasgow, LLC, d/b/a Diversicare of Glasgow, et a.l,* Commonwealth of Kentucky, Barren Circuit Court, Civil Action No. 16-CI-264.

2. The Complaint alleges Defendant was negligent in the care and treatment of Reba Diemer. Plaintiff seeks to recover compensatory damages, as well as punitive damages against Defendants.

3. Each Defendant's registered agent in Kentucky was served with the Summons and the Complaint on June 7, 2016.

4. This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §1332 based upon diversity jurisdiction.

5. Upon information and belief, Plaintiff, Jackie Taylor, is a resident and citizen of Barren County, Kentucky.

6. Defendant, Diversicare of Glasgow, LLC d/b/a Diversicare of Glasgow, at all times relevant hereto, was and is a limited liability company organized under the laws of the State of Delaware, with its principal place of business in Brentwood, Tennessee.

7. Defendant, Diversicare Holding Company, LLC, at all times relevant hereto, was and is a foreign limited liability company organized under the laws of the State of Delaware with its registered agent Corporation Service Company, 2711 Centerville Rd, Suite 400, Wilmington, DE, 19808.

8. Defendant, Diversicare Glasgow Property, LLC, at all times relevant hereto, was and is a foreign limited liability company organized under the laws of the State of Delaware with its principal place of business in Brentwood, Tennessee.

9. Defendant, Diversicare Property Co., LLC, at all times relevant hereto, was and is a foreign limited liability company organized under the laws of the State of Delaware with its registered agent Corporation Service Company, 2711 Centerville Rd, Suite 400, Wilmington, DE, 19808.

10. Defendant, Diversicare Management Services Co., at all times relevant hereto, was and is a foreign corporation organized under the State of Tennessee with its principal place of business in Brentwood, Tennessee.

11. Defendant, Diversicare Leasing Corp., at all times relevant hereto, was and is a foreign corporation organized under the State of Tennessee with its principal place of business in Brentwood, Tennessee.

12. Defendant, Diversicare Healthcare Services, Inc., at all times relevant hereto, was and is a foreign corporation organized under the State of Tennessee with its principal place of business in Brentwood, Tennessee.

13. Thus, the parties are citizens and residents of different states and the requirement of complete diversity is satisfied. *See* 28 U.S.C. §1332(a).

14. Pursuant to 28 U.S.C. §1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." The Circuit Court of Barren County, Kentucky is located within the jurisdiction of the United States District Court for the Western District of Kentucky, Bowling Green Division. Therefore, venue is proper in this Court and division pursuant to 28 U.S.C. §1441(a).

15. Based upon the allegations raised in the Complaint attached hereto, including Plaintiff's demand for punitive damages, this matter in controversy exceeds $75,000.00 in damages, exclusive of interest and costs.

16. Pursuant to 28 U.S.C. §1332(a), this Court has jurisdiction over this action because it is facially apparent from Plaintiff's Complaint that Plaintiff is seeking damages in

excess of the jurisdictional amount in controversy. 28 U.S.C. § 1441(a) provides that "any civil action brought in state court which the district courts have original jurisdiction may be removed by the defendant . . . to the district court of the United States for the district embracing the place where such action is pending." Federal District Courts "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and cost, and is between . . . citizens of different states." 28 U.S.C. §1332(a). When determining whether a case meets the jurisdictional requirement for purposes of removal, courts should consider "whether it is 'facially apparent' from the complaint that the damages are 'likely above' the jurisdictional amount in controversy." *Rotschi v. State Farm*, 114 F.3d 1188, 1188 (6th Cir. 1997). Accordingly, the amount in controversy requirement is satisfied. *See* 28 U.S.C. §1332(a). Plaintiff seeks punitive and compensatory damages as well as attorney fees. Thus, it is facially apparent that Plaintiff is seeking damages in excess of the jurisdictional amount.

17. This Notice of Removal has been filed within thirty (30) days of the date when the action became removable as required by 28 U.S.C. §1446(b). This Notice of Removal is further consistent with 28 U.S.C. §1446(b) in that it has been filed within one year after the commencement date of this action.

18. Pursuant to 28 U.S.C. §1446(a), copies of all process, pleadings, and orders served upon Defendant in the State Court Action are attached to this Notice as Exhibit "A."

19. Pursuant to 28 U.S.C. §1446(d), a copy of this Notice of Removal is being served upon all parties and a copy is being filed with the Circuit Court of Barren County, Kentucky.

20. Because 28 U.S.C. §1332(a) confers federal subject matter jurisdiction over this action, removal of this action to this Court is proper pursuant to 28 U.S.C. §1441.

**WHEREFORE**, Defendants, at all times relevant hereto give Notice of the removal of this action from the Circuit Court of Barren County, Kentucky, to the United States District Court for the Western District of Kentucky in the Bowling Green Division.

QUINTAIROS, PRIETO, WOOD & BOYER, P.A.

*/s/ Greg S. McDonald*
Donald L. Miller
Jan G. Ahrens
Greg S. McDonald
9300 Shelbyville Rd., Ste. 400
Louisville, KY 40222
502-423-6390
502-423-6391 – facsimile
ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on 23rd day of June, 2016, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I additionally certify that a true and accurate copy of the foregoing was served via U.S. mail, first class, postage prepaid, on the 23rd day of June, 2016, upon:

Bobby H. Richardson
Richardson, Gardner and Alexander
117 E. Washington Street
Glasgow, KY 42141
-and-
M. Chad Trammel
Trammel Piazza Law Firm
418 North State Line Avenue
Texarkana, Arkansas 71854
*Counsel for Plaintiff*

Krissie Fields
Barren Circuit Clerk
100 Court House Square
Glasgow, KY 42141-2460

*/s/ Greg S. McDonald*
ATTORNEY FOR DEFENDANTS

6

Case 1:16-cv-00104-GNS Document 1 Filed 06/23/16 Page 6 of 6 PageID #: 6

*/s/ Greg S. McDonald*
ATTORNEY FOR DEFENDANTS