## COMMONWEALTH OF KENTUCKY
## IN THE CIRCUIT COURT OF BARREN COUNTY

### Civil Action File No. 16-CI-___0l04___

Jackie Taylor, as Administratrix of the
Estate of Reba Diemer, Deceased,

                                                                    PLAINTIFF

v.                                    **COMPLAINT**

Diversicare of Glasgow, LLC                              DEFENDANTS
d/b/a Diversicare of Glasgow
c/o Corporation Service Company
421 West Main Street
Frankfort, KY 40601

Diversicare Holding Company, LLC
c/o Kentucky Secretary of State
700 Capital Ave., Ste. 86
Frankfort, KY 40601

Diversicare Glasgow Property, LLC
c/o Corporation Service Company
421 West Main Street
Frankfort, KY 40601

Diversicare Property Co., LLC
c/o Kentucky Secretary of State
700 Capital Ave., Ste. 86
Frankfort, KY 40601

Diversicare Management Services Co.
c/o Corporation Service Company
421 West Main Street
Frankfort, KY 40601

Diversicare Leasing Corp.
c/o Corporation Service Company
421 West Main Street
Frankfort, KY 40601

Diversicare Healthcare Services, Inc.
c/o Kentucky Secretary of State
700 Capital Ave., Ste. 86
Frankfort, KY 40601

A TRUE COPY
ATTEST: KRISSIE COE FIELDS, CLERK

JUN 01 2016

BY___ Cut ___D.C.

FILED

JUN 01 2016

KRISSIE COE FIELDS, CLERK
BY___ Cut ___D.C.

COPY

John Does 1 through 5, Unknown Defendants

_____/

COMES NOW Plaintiff, Jackie Taylor, as Administratrix of the Estate of Reba Diemer, Deceased, and for this cause of action against Defendants, Diversicare of Glasgow, LLC d/b/a Diversicare of Glasgow; Diversicare Holding Company, LLC; Diversicare Glasgow Property, LLC; Diversicare Property Co., LLC; Diversicare Management Services Co.; Diversicare Leasing Corp.; Diversicare Healthcare Services, Inc.; and John Does 1 through 5, Unknown Defendants, states:

1.      Jackie Taylor is the Administratrix of the Estate of Reba Diemer, Deceased, as appointed pursuant to Barren County District Court, Probate Division, Case No. 15-P-368. Jackie Taylor, therefore, rightfully brings this action on behalf of Reba Diemer, deceased, pursuant to the Survival of Actions Statute (K.R.S. § 411.140), and on behalf of the wrongful death beneficiaries of Reba Diemer, deceased, pursuant to the Wrongful Death Statute (K.R.S. § 411.130). Furthermore, Jackie Taylor brings this action on behalf of Reba Diemer pursuant to the Resident's Rights Statute (K.R.S. 216.515 and K.R.S. § 216.520) and common law.

2.      Jackie Taylor is a resident of Glasgow, Barren County, Commonwealth of Kentucky.

3.      Upon information and belief, Reba Diemer was admitted as a resident of Diversicare of Glasgow, 300 Westwood Street, Glasgow, Barren County, Kentucky 42141, in 2011, and except for times when she was hospitalized, remained a resident there until June 23, 2015, when she died.

4.      At all times relevant to this action, Reba Diemer was of unsound mind.

2

5.    Defendant, Diversicare of Glasgow, LLC d/b/a Diversicare of Glasgow, is a foreign limited liability registered to business in the Commonwealth of Kentucky, with its principle office at 1621 Galleria Blvd., Brentwood, TN 37027, that at all times material to this action was the "licensee" of the nursing facility and was authorized to do business as and to operate a nursing facility under the name of Diversicare of Glasgow in Glasgow, Kentucky. Under the law and regulations promulgated and enforced by the Cabinet for Health and Family Services, as licensee of Diversicare of Glasgow, Diversicare of Glasgow, LLC was legally responsible for that facility and for ensuring compliance with all laws and regulations related to the operation of the facility. Its registered agent for service of process is Corporation Service Company, 421 West Main Street, Frankfort, KY 40601.

6.    Defendant Diversicare Holding Company, LLC is a foreign limited liability company that wholly owns Diversicare of Glasgow, LLC. Upon information and belief, Defendant Diversicare Holding Company, LLC is engaged in the business of for-profit custodial care of elderly and infirm nursing home residents in nursing facilities and owned, operated, managed, controlled and/or provided services for Diversicare of Glasgow. The causes of action made the basis of this suit arise out of such business conducted by said Defendant Diversicare Holding Company, LLC in the ownership, operation, management, control and/or services provided for Diversicare of Glasgow during the residency of Reba Diemer. Defendant Diversicare Holding Company, LLC is without a registered agent for service of process within the Commonwealth of Kentucky. It may be served with process upon the Kentucky Office of the Secretary of State, Summonses Branch, The Capitol Building, 700 Capital Avenue, Suite 86,

3

Frankfort, Kentucky 40601, for service upon its own registered agent Corporation Service Company, 2711 Centerville Rd. Suite 400, Wilmington, DE 19808, by certified mail.

7.    Defendant Diversicare Glasgow Property, LLC is a foreign limited liability company that is authorized to do business in the Commonwealth of Kentucky. Upon information and belief, Defendant Diversicare Glasgow Property, LLC owned, operated, managed, controlled and/or provided services for Diversicare of Glasgow. The causes of action made the basis of this suit arise out of such business conducted by said Defendant Diversicare Glasgow Property, LLC in the ownership, operation, management, control and/or services provided for Diversicare of Glasgow during the residency of Reba Diemer. Its registered agent for service of process is Corporation Service Company, 421 West Main Street, Frankfort, KY 40601.

8.    Defendant Diversicare Property Co., LLC is a foreign limited liability company that wholly owns Diversicare Glasgow Property, LLC. Upon information and belief, Defendant Diversicare Property Co., LLC is engaged in the business of for-profit custodial care of elderly and infirm nursing home residents in nursing facilities and owned, operated, managed, controlled and/or provided services for Diversicare of Glasgow. The causes of action made the basis of this suit arise out of such business conducted by said Defendant Diversicare Property Co., LLC in the ownership, operation, management, control and/or services provided for Diversicare of Glasgow during the residency of Reba Diemer. Defendant Diversicare Property Co., LLC is without a registered agent for service of process within the Commonwealth of Kentucky. It may be served with process upon the Kentucky Office of the Secretary of State, Summonses Branch, The Capitol Building, 700 Capital Avenue, Suite 86, Frankfort, Kentucky 40601, for service upon its

4

own agent, upon its registered agent Corporation Service Company, 2711 Centerville Rd. Suite 400, Wilmington, DE 19808, by certified mail.

9.    Defendant Diversicare Management Services Co., is a foreign corporation with its principal office located at 1621 Galleria Blvd., Brentwood, TN 37027, and is authorized to do business in the Commonwealth of Kentucky. Diversicare Management Services Co. is engaged in the business of for-profit custodial care of elderly and infirm nursing home residents in nursing facilities in several states across the country. Upon information and belief, at all times material to this action, Defendant Diversicare Management Services Co. owned, operated, managed, controlled and/or provided services for nursing facilities, including Diversicare of Glasgow. The causes of action made the basis of this suit arise out of such business conducted by said Defendant Diversicare Management Services Co. in the ownership, operation, management, control and/or services provided for Diversicare of Glasgow during the residency of Reba Diemer. Its registered agent for service of process is Corporation Service Company, 421 West Main Street, Frankfort, KY 40601.

10.    Defendant Diversicare Leasing Corp., is a foreign corporation with its principal office located at 1621 Galleria Blvd., Brentwood, TN 37027, and is authorized to do business in the Commonwealth of Kentucky. Diversicare Leasing Corp.is engaged in the business of for-profit custodial care of elderly and infirm nursing home residents in nursing facilities in several states across the country. Upon information and belief, at all times material to this action, Defendant Diversicare Leasing Corp. owned, operated, managed, controlled and/or provided services for nursing facilities, including Diversicare of Glasgow. The causes of action made the

5

basis of this suit arise out of such business conducted by said Defendant Diversicare Leasing Corp. in the ownership, operation, management, control and/or services provided for Diversicare of Glasgow during the residency of Reba Diemer. Its registered agent for service of process is Corporation Service Company, 421 West Main Street, Frankfort, KY 40601.

11.     Defendant Diversicare Healthcare Services, Inc. is a foreign corporation with its principal office located at 1621 Galleria Blvd., Brentwood, TN 37027. Upon information and belief, Defendant Diversicare Healthcare Services, Inc., is engaged in the business of for-profit custodial care of elderly and infirm nursing home residents in nursing facilities in several states across the country, including Diversicare of Glasgow. The causes of action made the basis of this suit arise out of such business conducted by said Defendant Diversicare Healthcare Services, Inc.in the ownership, operation, management, control and/or services provided for Diversicare of Glasgow during the residency of Reba Diemer. Defendant Diversicare Healthcare Services, Inc. is without a registered agent for service of process within the Commonwealth of Kentucky and should, therefore, be served with process upon the Kentucky Office of the Secretary of State, Summonses Branch, The Capitol Building, 700 Capital Avenue, Suite 86, Frankfort, Kentucky 40601, for service upon its own agent, Robert E. Rice, 1621 Galleria Blvd., Brentwood, TN 37027-2926, by certified mail.

12.     Defendants John Does 1 through 5 are entities and/or persons, either providing care and services to Reba Diemer, or directly or vicariously liable for the injuries of Reba Diemer. Plaintiff is currently unable to identify or provide a place of residence or address for these Unknown Defendants, despite diligent efforts, but may discover such identities upon

6

further investigation. Said defendants are named insofar as their acts and/or omissions were negligent, tortious or otherwise wrongful with respect to the care, treatment and services to Reba Diemer during her residency at Diversicare of Glasgow. A warning order attorney should be appointed to ascertain and notify the unknown defendants of the nature and pendency of this action.

13.    Whenever the term "Nursing Home Defendants" is utilized within this suit, such term collectively refers to and includes Diversicare of Glasgow, LLC d/b/a Diversicare of Glasgow; Diversicare Holding Company, LLC; Diversicare Glasgow Property, LLC; Diversicare Property Co., LLC; Diversicare Management Services Co.; Diversicare Leasing Corp.; Diversicare Healthcare Services, Inc.; and John Does 1 through 5, Unknown Defendants.

14.    Whenever the term "Defendants" is utilized within this suit, such term collectively refers to and includes all named defendants in this lawsuit.

15.    Defendants controlled the operation, planning, management, budget and quality control of the facility. The authority exercised by Defendants over the nursing home included, but was not limited to, control of marketing, human resources management, training, staffing, creation, and implementation of all policy and procedure manuals used by the nursing home, federal and state reimbursement, quality care assessment and compliance, licensure and certification, legal services, medical supply services, and financial, tax and accounting control through fiscal policies established by Defendants.

16.    Jurisdiction and venue are proper in this Court.

7

## **FACTUAL ALLEGATIONS**

17.     Plaintiff re-alleges and incorporates all of the allegations contained in Paragraphs 1 – 20 as if fully set forth herein.

18.     Upon information and belief, Reba Diemer was looking to Defendants for treatment of her total needs for custodial, nursing and medical care and not merely as the situs where others not associated with the facility would treat her.

19.     At all relevant times mentioned herein, Defendants owned, operated, managed, controlled and/or provided services for Diversicare of Glasgow, either directly or through a joint enterprise, partnership or the agency of each other and/or other diverse subalterns, alter egos, subsidiaries, governing bodies, agents, servants or employees.

20.     Defendants are directly or vicariously liable for any acts and omissions by any person or entity, directly or indirectly controlled, including any governing body, officer, employee, ostensible or apparent agent, partner, consultant or independent contractor, whether in-house or outside individuals, entities, agencies or pools.

21.     Defendants failed to discharge their obligations of care to Reba Diemer, and in so failing, displayed a conscious disregard for her rights and safety. At all times mentioned herein, Defendants, through their corporate officers and management, had knowledge of, ratified and/or otherwise authorized all of the acts and omissions that caused the injuries suffered by Reba Diemer, as more fully set forth below. Defendants knew that this facility could not provide the minimum standard of care to the weak and vulnerable residents of Diversicare of Glasgow, including Reba Diemer.

22.     Due to the wrongful conduct of Nursing Home Defendants, including their failure to follow physician orders, failure to provide appropriate and necessary supervision, and failure to administer timely and appropriate medical treatment, Reba Diemer suffered the following:

a)     Falls with injuries;
b)     Food aspiration;
c)     Poor hygiene; and
d)     Untimely death.

23.     Reba Diemer also suffered unnecessary loss of personal dignity, extreme pain and suffering, degradation, and mental anguish, all of which were caused by the wrongful conduct of Defendants as alleged below.

## CAUSES OF ACTION AGAINST NURSING HOME DEFENDANTS

## COUNT I – NEGLIGENCE

24.     Plaintiff re-alleges and incorporates all of the allegations contained in Paragraphs 1 – 27 as if fully set forth herein.

25.     Nursing Home Defendants owed a non-delegable duty to Reba Diemer to provide the custodial care, services and supervision that a reasonably careful nursing home would provide under similar circumstances.

26.     Upon information and belief, Nursing Home Defendants knowingly developed and maintained staffing levels at the facility without regard for patient acuity levels or the minimal time to perform the essential functions of providing care to Reba Diemer.

27.     Nursing Home Defendants negligently failed to deliver care, services and supervision, including, but not limited to, the following acts and omissions:

9

a)      Failure by the members of the governing body of the facility to discharge their legal and lawful obligation by:

     1)      ensuring the rules and regulations designed to protect the health and safety of the residents, such as Reba Diemer, as promulgated by the Cabinet for Health and Family Services, Division of Long Term Care;

     2)      ensuring compliance with the resident care policies for the facility; and

     3)      ensuring that appropriate corrective measures were implemented to correct problems concerning inadequate resident care;

b)      Failure to provide the minimum number of qualified personnel to meet the total needs of Reba Diemer;

c)      Failure to provide adequate nursing and other staff that was properly staffed, qualified and trained;

d)      Failure to maintain all records on Reba Diemer in accordance with accepted standards and practices;

e)      Failure to ensure that Reba Diemer received adequate and proper supervision, hygiene and medication administration;

f)      Failure to increase the number of personnel at the facility to ensure that Reba Diemer received timely and appropriate custodial care, including, but not limited to, supervision while eating and drinking, and supervision while ambulating;

g)      Failure to provide Reba Diemer with timely, adequate and appropriate hygiene;

h)      Failure to have in place adequate guidelines, policies and procedures for the facility and to administer those policies through enforcement of any rules, regulations, by-laws or guidelines;

i)      Failure to monitor or increase the number of nursing personnel at the facility to ensure that Reba Diemer:

     1)      received timely and accurate care assessments;

     2)      received prescribed treatment, medication and diet;

3)    received necessary supervision;

4)    received timely intervention due to a significant change in condition; and

5)    was protected from accidental injuries by the correct use of ordered and reasonable safety measures.

j)    Failure to take reasonable steps to prevent, eliminate and correct deficiencies and problems in resident care at the facility;

k)    Failure to provide a safe environment for care, treatment and recovery, and to exercise ordinary care and attention for the safety of Reba Diemer in proportion to her particular physical and mental ailments, known or discoverable by the exercise of reasonable skill and diligence;

l)    Failure to inform the physician and family of significant changes in condition;

m)    Failure to adequately, timely and appropriately educate and inform the caregivers at the facility of the needs, level of assistance, and prescribed care and treatment for Reba Diemer;

n)    Failure to increase the number of personnel at the facility to ensure that Reba Diemer received timely and appropriate custodial care, including, but not limited to, supervision and personal attention;

o)    Failure to ensure that Reba Diemer received timely and appropriate custodial care, including, but not limited to, bathing, grooming, incontinent care, personal attention and hygiene;

p)    Failure to provide proper supervision, treatment, assessment and monitoring of Reba Diemer in order to prevent falls and food aspiration;

q)    Failure to administer and secure appropriate medical care following falls and food aspiration.

28.    A reasonably careful nursing facility would not have failed to provide the care listed above. It was foreseeable that these breaches of ordinary care would result in serious injuries to Reba Diemer. With regard to each of the foregoing acts of negligence, Nursing Home

11

Defendants acted with oppression, fraud, and/or malice or were grossly negligent by acting with wanton or reckless disregard for the health and safety of Reba Diemer.

29.     Pursuant to KRS 446.070, Plaintiff also alleges that Nursing Home Defendants violated statutory and regulatory duties of care, which is evidence of negligence. Reba Diemer was injured by the statutory violations of Nursing Home Defendants and was within the class of persons for whose benefit the statutes were enacted and who was intended to be protected by these statutes. The negligence of Nursing Home Defendants included, but is not limited to, violation(s) of the following:

    a)    Violation(s) of KRS 209.005 et seq. and the regulations promulgated thereunder, by abuse, neglect and/or exploitation of Reba Diemer;

    b)    Violation(s) of KRS 530.080 et seq., endangering the welfare of an incompetent person, by knowingly acting in a manner which resulted in an injury to the physical and/or mental welfare of Reba Diemer, who was unable to care for herself because of her illness; and/or

    c)    Violation(s) of the statutory standards and requirements governing licensing and operation of long-term care facilities as set forth by the Cabinet for Health and Family Services, pursuant to provisions of KRS Chapter 216 and the regulations promulgated thereunder, as well as the applicable federal laws and regulations governing the certification of long-term care facilities under Titles XVIII or XIX of the Social Security Act.

30.     As a direct and proximate result of such oppression, fraud, malice, or gross negligence, Reba Diemer suffered the injuries described herein. Plaintiff asserts a claim for judgment against Nursing Home Defendants for all compensatory and punitive damages including, but not limited to, medical expenses, extreme pain and suffering, mental anguish, disability, disfigurement, degradation, hospitalizations, unnecessary loss of personal dignity, and loss of life, in an amount to be determined by the jury, but in excess of the minimum

12

jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, plus costs and all other relief to which Plaintiff is entitled to by law.

## COUNT II – MEDICAL NEGLIGENCE

31.     Plaintiff re-alleges and incorporates all of the allegations contained in Paragraphs 1 – 27 as if fully set forth herein.

32.     Nursing Home Defendants had a duty to provide the standard of professional medical care and services that a reasonably competent nursing facility acting under the same, and similar, circumstances would provide.

33.     Nursing Home Defendants failed to meet the applicable standards of medical care. The medical negligence or malpractice of Nursing Home Defendants included, but was not limited to, the following acts and omissions:

   a)     The overall failure to ensure that Reba Diemer:

      1)     received timely and accurate care assessments;

      2)     received prescribed treatment, medication and diet;

      3)     received adequate supervision to prevent her from falling;

      4)     received timely intervention due to significant changes in condition;

   b)     Failure to provide sufficient numbers of qualified personnel, including nurses, licensed practical nurses, certified nurse assistants and medication aides to meet the total needs of Reba Diemer throughout her residency;

   c)     Failure to provide and implement an adequate nursing care plan based on the needs of Reba Diemer;

13

d)   Failure to ensure Reba Diemer was not deprived of the services necessary to maintain her health and welfare;

e)   The failure to maintain all records on Reba Diemer in accordance with accepted standards and practice that were complete, accurately documented, readily accessible, and systematically organized with respect to her diagnosis, treatment, and appropriate plans of care and treatment;

f)   Failure to provide proper treatment, assessment and monitoring of Reba Diemer in order to identify signs and symptoms of pain, and to appropriately treat and prevent her pain;

g)   Failure to provide proper treatment, assessment and monitoring of Reba Diemer in order to identify, prevent, and treat signs and symptoms of infection;

h)   Failure to provide a safe environment for care, treatment and recovery, and to exercise ordinary care and attention for the safety of Reba Diemer in proportion to her particular physical and mental ailments, known or discoverable by the exercise of reasonable skill and diligence;

i)   Failure to monitor or increase the number of nursing personnel at the facility to ensure that Reba Diemer:

   1)   received timely and accurate care assessments;

   2)   received prescribed treatment, medication and diet;

   3)   received necessary supervision;

   4)   received timely intervention due to a significant change in condition; and

   5)   was protected from accidental injuries by the correct use of ordered and reasonable safety measures.

j)   Failure to have in place adequate guidelines, and policies and procedures of the facility and to administer those policies through enforcement of any rules, regulations, by-laws or guidelines;

k)   Failure to take reasonable steps to prevent, eliminate and correct deficiencies and problems in resident care at the facility;

14

l)      Failure to inform the physician and family of significant changes in condition;

m)      Failure to adequately, timely and appropriately educate and inform the caregivers at the facility of the needs, level of assistance, and prescribed care and treatment for Reba Diemer;

n)      Failure to increase the number of personnel at the facility to ensure that Reba Diemer received timely and appropriate custodial care, including, but not limited to, supervision and personal attention;

o)      Failure to ensure that Reba Diemer received timely and appropriate custodial care, including, but not limited to, bathing, grooming, incontinent care, personal attention and hygiene;

p)      Failure to provide proper supervision, treatment, assessment and monitoring of Reba Diemer in order to prevent falls and food aspiration;

q)      Failure to administer and secure appropriate medical care following falls and food aspiration.

34.      It was foreseeable that the breaches of care listed above would result in serious injuries to Reba Diemer. A reasonably competent nursing facility acting under the same or similar circumstances would not have failed to provide the care listed above.

35.      With regard to each of the foregoing acts of professional or medical negligence, Nursing Home Defendants acted with oppression, fraud, and/or malice, or were grossly negligent by acting with wanton or reckless disregard for the health and safety of Reba Diemer.

36.      As a direct and proximate result of such oppression, fraud, malice, or gross negligence, Reba Diemer suffered the injuries described herein. Plaintiff asserts a claim for judgment against Nursing Home Defendants for all compensatory and punitive damages including, but not limited to, medical expenses, extreme pain and suffering, mental anguish, disability, disfigurement, degradation, hospitalizations, unnecessary loss of personal dignity, and

15

loss of life, in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, plus costs and all other relief to which Plaintiff is entitled by law.

## COUNT III – CORPORATE NEGLIGENCE

37.     Plaintiff re-alleges and incorporates all of the allegations contained in Paragraphs 1 – 40 as if fully set forth herein.

38.     Upon information and belief, Reba Diemer was looking to Nursing Home Defendants' facility for treatment of her physical ailments and not merely as the situs where others not associated with the facility would treat her for her problems. There is a presumption that the treatment Reba Diemer received was being rendered through employees of Nursing Home Defendants and that any negligence associated with that treatment would render Nursing Home Defendants responsible. Nursing Home Defendants or persons or entities under their control, or to the extent Nursing Home Defendants were vicariously liable through the ostensible or apparent agency of others, owed a non-delegable duty to residents, including Reba Diemer, to act with the degree and skill expected of reasonably competent medical practitioners acting in the same or similar circumstances.

39.     Nursing Home Defendants owed a non-delegable duty to assist Reba Diemer in attaining and maintaining the highest level of physical, mental and psychological well-being.

40.     Nursing Home Defendants owed a duty to Reba Diemer to maintain their facility, including providing and maintaining medical equipment and supplies; and hiring, supervising and retaining nurses and other staff employees.

16

41. Nursing Home Defendants owed a duty to Reba Diemer to have in place procedures and protocols to properly care for residents and to administer these policies through enforcement of any rules, regulations, by-laws or guidelines, which were adopted by Nursing Home Defendants to insure a smoothly run facility and adequate resident care.

42. Nursing Home Defendants owed a duty to Reba Diemer to provide a safe environment; to provide treatment and recovery; and to exercise ordinary care and attention for the safety of residents, including Reba Diemer, in proportion to the physical and mental ailments of each particular resident, known or discoverable by the exercise of reasonable skill and diligence. The duty of reasonable care and attention extended to safeguarding Reba Diemer from danger due to her inability to care for herself. Nursing Home Defendants had a duty to protect Reba Diemer from any danger which the surroundings would indicate might befall her in view of any peculiar trait exhibited by her or which her mental condition or aberration would suggest as likely to happen.

43. With regard to each of the foregoing acts of negligence, Nursing Home Defendants acted with oppression, fraud, malice, or were grossly negligent by acting with wanton or reckless disregard for the health and safety of Reba Diemer.

44. As a direct and proximate result of such oppression, fraud, malice, or gross negligence, Reba Diemer suffered the injuries described herein. Plaintiff asserts a claim for judgment against Nursing Home Defendants, for all compensatory and punitive damages including, but not limited to, medical expenses, extreme pain and suffering, mental anguish, disability, disfigurement, hospitalizations, degradation, unnecessary loss of personal dignity, and

17

loss of life, in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, plus costs and all other relief to which Plaintiff is entitled by law.

## COUNT IV – VIOLATIONS OF LONG TERM CARE RESIDENT'S RIGHTS

45.     Plaintiff re-alleges and incorporates all of the allegations contained in Paragraphs 1 – 48 as if fully set forth herein.

46.     Nursing Home Defendants violated statutory duties owed to Reba Diemer as a resident of a long-term care facility, KRS 216.510 et seq. Plaintiff specifically references KRS 216.515 here, without limiting the import of the remaining portions of the resident's rights statutes. These statutory duties were non-delegable.

47.     The violations of the resident's rights of Reba Diemer include:

    a)    All residents shall be free from mental and physical abuse and neglect;

    b)    Each resident shall be treated with consideration, respect, and full recognition of her dignity and individuality, including privacy in treatment and in care for her personal needs;

    c)    Every resident and the responsible party or her responsible family member or her guardian has the right to be fully informed of the resident's medical condition unless medically contraindicated and documented by a physician in the resident's medical record;

    d)    The resident's responsible party or family member or her guardian shall be notified immediately of any accident, sudden illness, disease, unexplained absence, or anything unusual involving the resident;

    e)    Violation of the right to have an adequate and appropriate resident care plan developed, implemented and updated to meet her needs; and

    f)    Violation of the statutory standards and requirements governing licensing and operation of long-term care facilities as set forth by the Cabinet for Health and Family Services, pursuant to provisions of K.R.S. Chapter 216

and the regulations promulgated thereunder, as well as the applicable federal laws and regulations governing the certification of long-term care facilities under Titles XVIII or XIX of the Social Security Act.

48. As a result of the aforementioned violations of the Resident's Rights Statutes by Nursing Home Defendants, pursuant to K.R.S. § 216.515(26), Plaintiff is entitled to recover actual damages in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, as well as costs and attorney's fees.

49. With regard to the aforementioned violations of the Resident's Rights Act, Nursing Home Defendants acted with oppression, fraud, malice, or were grossly negligent by acting with wanton and reckless disregard for the rights of Reba Diemer and, pursuant to K.R.S. § 216.515(26), Plaintiff is entitled to punitive damages from Nursing Home Defendants in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, as well as costs and attorney's fees.

## WRONGFUL DEATH

50. Plaintiff re-alleges and incorporates all of the allegations contained in paragraphs 1 – 67 as if fully set forth herein.

51. As a direct and proximate result of the previously alleged conduct, all of which was grossly negligent, or was oppressive, fraudulent or malicious, Defendants caused the death of Reba Diemer by their wrongful conduct.

19

52.     Reba Diemer suffered personal injuries, including extreme pain and suffering, mental anguish, disability, disfigurement, hospitalizations, degradation, unnecessary loss of personal dignity, and loss of life, resulting in her death on June 23, 2015. The extreme pain and suffering, mental anguish, disability, disfigurement, hospitalizations, degradation, and unnecessary loss of dignity suffered by Reba Diemer caused her family to suffer more than normal grief upon her death.

53.     As a direct and proximate result of the wrongful death suffered by Reba Diemer, Plaintiff asserts, against all Defendants, a claim for judgment for all compensatory and punitive damages including, but not limited to, medical expenses, funeral expenses and other related costs, the grief suffered by statutory beneficiaries, extreme pain and suffering, mental anguish, disability, disfigurement, hospitalizations, degradation, unnecessary loss of personal dignity, and loss of life, in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, as well as costs and attorney's fees, plus costs and all other relief to which Plaintiff is entitled by law.

## DAMAGES

54.     Plaintiff re-alleges and incorporates all of the allegations contained in Paragraphs 1 – 71 as if fully set forth herein.

55.     As a direct and proximate result of the negligence of all Defendants as set out above, Reba Diemer suffered injuries including, but not limited to, those listed herein. As a

20

result, Reba Diemer incurred significant medical expenses and suffered embarrassment, physical impairment and death.

56.    Plaintiff seeks punitive and compensatory damages against all Defendants in an amount to be determined by the jury, plus costs and all other relief to which Plaintiff is entitled by law.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff, Jackie Taylor, as Administratrix of the Estate of Reba Diemer, Deceased, prays for judgment against Defendants, Diversicare of Glasgow, LLC d/b/a Diversicare of Glasgow; Diversicare Holding Company, LLC; Diversicare Glasgow Property, LLC; Diversicare Property Co., LLC; Diversicare Management Services Co.; Diversicare Leasing Corp.; Diversicare Healthcare Services, Inc.; and John Does 1 through 5, Unknown Defendants, in an amount to be determined from the evidence, the costs herein expended, and for all other relief to which Plaintiff is entitled, including TRIAL BY JURY, and a warning order attorney be appointed for John Does 1 through 5, Unknown Defendants.

Respectfully Submitted,

**RICHARDSON,    GARDNER    AND ALEXANDER**

Bobby H. Richardson (KY 58110)
Richardson, Gardner and Alexander
117 E. Washington St.
Glasgow, Ky. 42141

21

270-651-8884
270-651-3662 (fax)

and

M. Chad Trammell  (KY 91320)
Trammell Piazza Law Firm
418 North State Line Avenue
Texarkana, Arkansas 71854
Telephone: 870.779.1860
Facsimile: 870.779.1861


I Jackie Taylor, Administratrix of thee Estate of Reba Diemer, state the foregoing allegations are true and correct to the best of my knowledge and belief, this 1st day of June, 2016

_Jackie Taylor_

Jackie Taylor, Administratrix of
the Estate of Reba Diemer

Commonwealth of Kentucky
County of Barren


SUBSCRIBED AND SWORN to before me by Jackie Taylor Administratrix of the Estate of Reba Diemer, this 1st day of June, 2016.

My commission expires: 8-29-2017

_Mary Martha Shaw_

Notary Public, Ky. at Large   ID # 49504)

22

RETURN RECEIPT
REQUESTED



9414 7266 9904 2959 5196 07
**RETURN RECEIPT REQUESTED**

U.S. POSTAGE ⏵⏵ PITNEY BOWES

ZIP 42141
02 4R
0000340189 JUN 02 2016
$ 007.78⁰



Circuit Court Clerk Krissie Coe Fields
Barren Circuit & District Courts
Barren County Courthouse
100 Courthouse Square, P.O. Box 1359
Glasgow, Kentucky 42142-1359

16-CI-264

Diversicare Leasing Corp.
C/o Corporation Service Company
421 West Main Street
Frankfort, Ky. 40601

RETURN RECEIPT
REQUESTED

RETURN RECEIPT
REQUESTED

| AOC- 110      Doc. Code: AWOA | | Case No. 16-CI-00264 |
| --- | --- | --- |
| Rev. 6-13 | | Court   CIRCUIT |
| Page 1 of 1 |  | County   Barren |
| Commonwealth of Kentucky | **APPOINTMENT OF WARNING** | Division   CIVIL DIV. I |
| Court of Justice   www.courts.ky.gov | **ORDER ATTORNEY** | |
| Rule CR 4.05; 4.07 | | |

JACKIE TAYLOR, AS ADMINISTRATOR OF THE ESTATE OF REBA DIEMER, DECEASED

PLAINTIFF

FILED

JUN 1 4 2016

KRISSIE COE FIELDS, CLERK
_____ D.C.

VS.

## JOHN DOES 1 through 5, Unknown Defendants

DEFENDANT

Not later than fifty (50) days after the date of this Order, the above-named Defendant is warned to appear and answer the Complaint/Petition of the above-named Plaintiff filed against him/her.

## Hon. MARGARET A. TRAVIS

(Name of Attorney)

## ATTORNEY-AT-LAW

(Address)

## 112 EAST PUBLIC SQUARE

## GLASGOW, KY. 42141

270-651-3805

(Phone number)

a regular practicing attorney of this Court, is appointed to correspond with the Defendant, and to inform him/her by mail concerning the pendency and nature of this action, and to file his/her report in the Clerk's office of this Court within fifty (50) days after the date of this Order.

6/14 , 2016 .

_____ Clerk

By: _____ D.C.



### *QUINTAIROS, PRIETO, WOOD & BOYER, P.A.*

Attorneys at Law

WWW.QPWBLAW.COM

9300 Shelbyville Road, Suite 400
Louisville, KY 40222
Telephone: (502) 423-6390 ◆ Facsimile: (502) 423-6391

## FAX COVER SHEET

| | |
|---|---|
| TO: | Barren County Circuit Clerk |
| FACSIMILE: | 270-651-6203 |
| FROM: | Greg S. McDonald, Esq. / Debbie Heaster, Assistant |
| DATE: | June 23, 2016 |
| RE: | Diemer v. Diversicare of Glasgow / Civil Action No. 16-CI-264 |

NUMBER OF PAGES INCLUDING COVER SHEET:           1

**Message:**

Dear Clerk,

Greg McDonald represents the Defendants in the above referenced matter. We need to obtain a copy of the Appointment of the Warning Order Attorney filed in the above matter as soon as possible. Please fax a copy to us at 502-423-6391 or email to me at debra.heaster@qpwblaw.com.

Thank you for your consideration.

Debbie Heaster

---

Miami ◆ Tampa ◆ Jacksonville ◆ Orlando ◆ Ft. Lauderdale ◆ Tallahassee ◆ Ft. Myers ◆ Louisville ◆ Lexington
West Palm Beach ◆ Chicago ◆ Pensacola ◆ Panama City ◆ U.S. Virgin Islands ◆ Los Angeles ◆ Dallas ◆ Michigan